**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
   E-Mail: John.Barber@lewisbrisbois.com
JULIE W. ODELL, SB# 291083
   E-Mail: Julie.ODell@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendants
ISS FACILITY SERVICES, INC.,
ISS FACILITY SERVICES CALIFORNIA,
INC., and BROADRIDGE FINANCIAL
SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CLAUDIA GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ISS FACILITY SERVICES, INC., a Delaware corporation; ISS FACILITY SERVICES CALIFORNIA, INC.; a Delaware corporation; BROADRIDGE FINANCIAL SOLUTIONS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | CASE NO.   4:18-cv-19-7807<br><br>**DECLARATION OF JULIE W. O'DELL, ESQ. IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL**<br><br>Trial Date:        None Set |

I, Julie W. O'Dell, declare as follows:

1.    I am an attorney duly admitted to practice in all of the courts of the State of California, and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants ISS Facility Services, Inc. ("ISS"), ISS Facility Services California, Inc. ("ISS California"), and Broadridge Financial Solutions, Inc. ("Broadridge Financial") (collectively, "Defendants") herein. The facts set forth herein are of my own personal knowledge, and if sworn,

4814-4626-6286.1

DECLARATION OF JULIE W. O'DELL, ESQ. IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

I could and would competently testify thereto.

2.     Attached hereto as "**Exhibit A**" is a true and correct copy of the Summons and Complaint in *Claudia Garcia v. ISS Facility Services, Inc., et al.*, Alameda Superior Court Case No. RG19040507 (the "State Court Action").

3.     Attached hereto as "**Exhibit B**" is a true and correct copy of the proof of service for Broadridge Financial.

4.     Attached hereto as "**Exhibit C**" are true and correct copies of the proofs of service for ISS and ISS California.

5.     Attached hereto as "**Exhibit D**" is a true and correct copy of the Civil Case Cover Sheet filed by Plaintiff Claudia Garcia in Alameda Superior Court.

6.     Attached hereto as "**Exhibit E**" is a true and correct copy of the Notice of Case Management Conference and Complex Determination Hearing.

7.     Attached hereto as "**Exhibit F**" is a true and correct copy of Defendants' Answer to the Complaint.

8.     To my knowledge, the documents attached as Exhibits A-F constitute all process, pleadings, and orders filed in the State Court Action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 26, 2019, at Costa Mesa, California.



Julie W. O'Dell



4814-4626-6286.1

2

DECLARATION OF JULIE W. O'DELL, ESQ. IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT A
# TO THE DECLARATION OF JULIE W. O'DELL

10/24/2019 THU 12:21 FAX                                                      ☒018/020

SUM-100

# SUMMONS
## *(CITACIÓN JUDICIAL)*

NOTICE TO DEFENDANT: ISS FACILITY SERVICES, INC., a Delaware
*(AVISO AL DEMANDADO):* corporation; ISS FACILITY SERVICES
CALIFORNIA, INC.; a Delaware corporation; BROADRIDGE FINANCIAL
SOLUTIONS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

YOU ARE BEING SUED BY PLAINTIFF: CLAUDIA GARCIA, individually and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* on behalf of all others
similarly situated,

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| **FILED BY FAX** ALAMEDA COUNTY October 24, 2019 CLERK OF THE SUPERIOR COURT By Xian-xii Bowie, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org),* the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp).* or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Alameda
1225 Fallon St.
Oakland, California 94612

| CASE NUMBER: *(Número del Caso):* **RG19040507** |
|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Joshua D. Boxer; Elizabeth A.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1330 Broadway Street, Suite 428 Oakland, California 94612

DATE: **October 24, 2019**          Clerk, by _____ , Deputy
*(Fecha)*                           *(Secretario)*                       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  ISS Facility Services, Inc.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]                    **SUMMONS**           Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

10/24/2019 THU 12:22  FAX                                                          ☑019/020

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Joshua D. Boxer; Elizabeth A. Medrano        SBN: 226712; 323742<br>Matern Law Group, PC<br>1330 Broadway Street, Suite 428 Oakland, California 94612<br>TELEPHONE NO.: (310) 531-1900        FAX NO.: (310) 531-1901<br>ATTORNEY FOR *(Name)*: Claudia Garcia | FOR COURT USE ONLY<br><br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>October 24, 2019 |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1225 Fallon St.<br>MAILING ADDRESS: 1225 Fallon St.<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: Rene C. Davidson Alameda County Courthouse | CLERK OF<br>THE SUPERIOR COURT<br>By Xian-xii Bowie, Deputy |
| CASE NAME: Garcia vs. JSS Facility Services, Inc., et al. | CASE NUMBER:<br>**RG19040507** |

| **CIVIL CASE COVER SHEET**<br>[X] Unlimited      [ ] Limited<br>(Amount            (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort**<br>[ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[X] Other employment (15) | **Contract**<br>[ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403)<br>[ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
|---|---|---|

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: Nine (9)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 24, 2019

Joshua D. Boxer; Elizabeth A. Medrano
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

MATERN LAW GROUP, PC
MATTHEW J. MATERN (SBN 159798)
JOSHUA D. BOXER (SBN 226712)
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

MATERN LAW GROUP, PC
ELIZABETH A. MEDRANO (SBN 323742)
1330 Broadway Street, Suite 428
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile:  (310) 531-1901

Attorneys for Plaintiff CLAUDIA GARCIA,
individually and on behalf of all others
similarly situated

FILED BY FAX
ALAMEDA COUNTY

October 24, 2019

CLERK OF
THE SUPERIOR COURT
By Xian-xii Bowie, Deputy

CASE NUMBER:
RG19040507

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

CLAUDIA GARCIA, individually and on
behalf of all others similarly situated,

Plaintiff,

vs.

ISS FACILITY SERVICES, INC., a Delaware
corporation; ISS FACILITY SERVICES
CALIFORNIA, INC.; a Delaware corporation;
BROADRIDGE FINANCIAL SOLUTIONS,
INC., a Delaware corporation; and DOES 1
through 50, inclusive,

Defendants

CASE NO.

**CLASS ACTION**

**COMPLAINT:**

1. Failure to Provide Meal Periods
2. Failure to Authorize and Permit Rest Periods
3. Failure to Pay Minimum Wages
4. Failure to Pay Overtime Wages
5. Failure to Pay All Wages Due to Discharged and Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Furnish Accurate Itemized Wage Statements
8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties
9. Unfair and Unlawful Business Practices

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

1

CLASS ACTION COMPLAINT

Plaintiff CLAUDIA GARCIA ("PLAINTIFF"), individually and on behalf of all other similarly-situated employees, hereby alleges as follows:

## INTRODUCTION

1. PLAINTIFF brings this action on behalf of herself and all other similarly-situated current and former non-exempt employees of Defendants ISS FACILITY SERVICES, INC. ("ISS"); ISS FACILITY SERVICES CALIFORNIA, INC. ("ISS CALIFORNIA"); BROADRIDGE FINANCIAL SOLUTIONS, INC. ("BROADRIDGE"); and DOES 1 through 50 inclusive (collectively, "DEFENDANTS") in the State of California during the relevant statutory period to recover, among other things, unpaid compensation arising from DEFENDANTS' failure to provide employees meal and rest periods (or compensation therefor) as required under California law, unpaid minimum and overtime wages, and unreimbursed business expenses. PLAINTIFF also seeks penalties, interest, attorneys' fees, costs and expenses, and equitable, restitutionary and injunctive relief.

## JURISDICTION AND VENUE

2. The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a citizen and resident of the State of California and DEFENDANTS are citizens and residents of, and/or regularly conduct business in, California. Further, no federal question is at issue because the claims are based solely on California law.

3. Venue is proper in this judicial district and the County of Alameda, California because DEFENDANTS maintain offices and facilities and transact business in the County of Alameda, and DEFENDANTS' illegal policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF and other persons similarly situated in the County of Alameda.

## THE PARTIES

4. PLAINTIFF is a citizen and resident of the State of California. At times material to this complaint, PLAINTIFF was employed by DEFENDANTS in the State of California as a non-exempt employee. PLAINTIFF worked for DEFENDANTS as a Custodial Detailer for DEFENDANTS from approximately May 23, 2018 to August 22, 2019. Plaintiff's paycheck listed

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

2

CLASS ACTION COMPLAINT

DEFENDANTS' address in Fremont, Alameda County, California.

5.    PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

6.    PLAINTIFF is informed and believes, and thereon alleges, that ISS is, and at all times relevant hereto was, a Delaware corporation. PLAINTIFF is further informed and believes, and thereon alleges, that ISS is authorized to and does conduct business in the State of California. Specifically, ISS maintains offices and facilities, conducts business, and engages in illegal policies or practices in the County of Alameda.

7.    PLAINTIFF is informed and believes, and thereon alleges, that ISS CALIFORNIA is, and at all times relevant hereto was, a Delaware corporation. PLAINTIFF is further informed and believes, and thereon alleges, that ISS CALIFORNIA is authorized to and does conduct business in the State of California. Specifically, ISS CALIFORNIA maintains offices and facilities, conducts business, and engages in illegal policies or practices in the County of Alameda.

8.    PLAINTIFF is informed and believes, and thereon alleges, that BROADRIDGE is, and at all times relevant hereto was, a Delaware corporation. PLAINTIFF is further informed and believes, and thereon alleges, that BROADRIDGE is authorized to and does conduct business in the State of California. Specifically, BROADRIDGE maintains offices and facilities, conducts business, and engages in illegal policies or practices in the County of Alameda.

9.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF's and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately

MATERN LAW GROUP, PC
230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

3                                    CLASS ACTION COMPLAINT

caused by the conduct of such DOE defendants. PLAINTIFF will seek leave of the Court to amend this Complaint to allege the true names and capacities of such DOE defendants when ascertained.

10. At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each defendant was completely dominated by his, her or its co-defendant, and each was the alter ego of the other.

11. At all relevant times, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to provide meal periods; failing to authorize and permit rest breaks; failing to pay minimum and overtime wages; failing to provide accurate itemized statements; failing to maintain required records; failing to timely pay all wages due upon separation; and failing to compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

12. PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

13. As a direct and proximate result of DEFENDANTS' unlawful actions, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

\\

AATERN LAW GROUP, PC
230 ROSECRANS AVENUE,
STE 200
AANHATTAN BEACH, CA
90266

4                    CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

14.   This action is appropriately suited for a class action because:

a.   The potential class is of a significant number.   Joinder of all current and former employees individually would be impracticable.

b.   This action involves common questions of law and fact because the action focuses on DEFENDANTS' illegal practices and policies, which are applied to all non-exempt employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.   PLAINTIFF's claims are typical of the claims of the class because DEFENDANTS subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

d.   PLAINTIFF will fairly and adequately protect the interests of all CLASS MEMBERS.

e.   A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## FIRST CAUSE OF ACTION

**Failure to Provide Meal Periods**

**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 4-2001, § 11]**

**(Against all DEFENDANTS)**

15.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

16.   During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to provide PLAINTIFF and CLASS MEMBERS full and timely meal periods as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 4-2001, § 11.

17.   As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 4-2001, § 11.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

CLASS ACTION COMPLAINT

18.    DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of compensation for each work day that a meal period was not provided.

19.    As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violations of the California Labor Code and IWC Wage Order No. 4-2001.

## SECOND CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

### [Cal. Labor Code § 226.7; IWC Wage Order No. 4-2001, § 12]

### (Against all DEFENDANTS)

20.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

21.    During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest breaks as required by California Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 12.

22.    As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely rest periods as required under California Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 12.

23.    DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of compensation for each work day that a rest period was not provided.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

6                    CLASS ACTION COMPLAINT

24.    As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 4-2001.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 4-2001, § 4]

### (Against all DEFENDANTS)

25.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

26.    Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 4-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

27.    During the CLASS PERIOD, DEFENDANTS failed, and continue to fail, to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks without compensation; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; and other methods to be discovered.

28.    DEFENDANTS' conduct described herein violates, and continues to violate, California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 4-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

MATERN LAW GROUP, PC
230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 4-2001, § 3]

### (Against all DEFENDANTS)

29.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

30.    Pursuant to California Labor Code §§ 510 and 1194 and IWC Wage Order No. 4-2001, § 3, an employer must compensate its employees for all overtime at a rate of one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day and at a rate of twice the regular rate of pay for all hours worked in excess of twelve (12) hours in any work day and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

31.    During the CLASS PERIOD, DEFENDANTS failed to compensate, and continue to fail to compensate, PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) times or double the regular rate of pay as provided by California Labor Code §§ 510, 511 and 1194 and IWC Wage Order No. 4-2001, § 3; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks without compensation; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; and other methods to be discovered.

32.    In violation of California law, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS overtime wages for all hours worked.  As a direct and proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state

MATERN LAW GROUP, PC
230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

8                    CLASS ACTION COMPLAINT

law, resulting in damages in amounts according to proof at time of trial and within the jurisdiction of this Court.

33. DEFENDANTS' conduct described herein violated, and continues to violate, California Labor Code §§ 510, 511, 1194 and 1198 and IWC Wage Order No. 4-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the California Labor Code and IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against all DEFENDANTS)

34. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

35. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.

36. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

37. Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than seventy-two (72) hours after the employee quits his or her employment, unless the employee provided seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

38. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to thirty (30) work days.

39. During the CLASS PERIOD, DEFENDANTS have willfully failed, and continue to

MATERN LAW GROUP, PC
230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

CLASS ACTION COMPLAINT

willfully fail, to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

40.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

41.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## SIXTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code § 226; IWC Wage Order No. 4-2001, § 7]

### (Against all DEFENDANTS)

42.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

43.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed, and continue to fail, to timely provide PLAINTIFF and CLASS MEMBERS with accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 4-2001, § 7.

44.    During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS suffered, and continue to suffer, injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements, as PLAINTIFF and CLASS MEMBERS could not promptly and easily determine from the wage statement alone one or more of the following: the gross wages earned, the total hours worked, all deductions made, the net wages earned, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

CLASS ACTION COMPLAINT

45.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 4-2001, § 7]

### (Against all DEFENDANTS)

46.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

47.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226 and 1174, and IWC Wage Order No. 4-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

48.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

\\

MATERN LAW GROUP, PC
230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

11    CLASS ACTION COMPLAINT

## EIGHTH CAUSE OF ACTION

### Failure to Indemnify Employees for Necessary

### Expenditures Incurred in Discharge of Duties

### [Cal. Labor Code § 2802]

### (Against all DEFENDANTS)

49.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

50.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

51.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed, and continue to fail, to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for cell phones and other employment-related expenses, in violation of California Labor Code § 2802.

52.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code § 17200, et seq.]

### (Against all DEFENDANTS)

53.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the factual allegations in the foregoing paragraphs.

54.    Each and every one of DEFENDANTS' acts and omissions in violation of the

AATERN LAW GROUP, PC
230 ROSECRANS AVENUE,
STE 200
AANHATTAN BEACH, CA
90266

12                    CLASS ACTION COMPLAINT

California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide meal periods; DEFENDANTS' failure and refusal to authorize and permit rest breaks; DEFENDANTS' failure and refusal to pay minimum and overtime wages; DEFENDANTS' failure and refusal to pay all wages due to discharged and employees; DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records; DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurred in the discharge of their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, et seq.

55. DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

56. DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

57. As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

58. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4-2001;

4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.    For waiting time penalties pursuant to California Labor Code § 203;

7.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and 2698–2699.5;

8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194 and 2802, California Civil Code §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

9.    For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699 and 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.    For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

13.    For such further relief that the Court may deem just and proper.

AATERN LAW GROUP, PC
230 ROSECRANS AVENUE,
STE 200
AANHATTAN BEACH, CA
90266

14    CLASS ACTION COMPLAINT

DATED: October 24, 2019                Respectfully submitted,

                                       **MATERN LAW GROUP, PC**


                                By:    _____
                                       MATTHEW J. MATERN
                                       JOSHUA D. BOXER
                                       ELIZABETH A. MEDRANO
                                       Attorneys for Plaintiff CLAUDIA GARCIA,
                                       individually and on behalf of all others similarly
                                       situated

MATERN LAW GROUP, PC
230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

15                              CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFF, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues so triable.

DATED: October 24, 2019                    Respectfully submitted,

                                           MATERN LAW GROUP, PC

By:    _____
       MATTHEW J. MATERN
       JOSHUA D. BOXER
       ELIZABETH A. MEDRANO
       Attorneys for Plaintiff CLAUDIA GARCIA,
       individually and on behalf of all others similarly
       situated

MATERN LAW GROUP, PC
230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

16                    CLASS ACTION COMPLAINT

# EXHIBIT B
# TO THE DECLARATION OF JULIE W. O'DELL



22491840

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Joshua Boxer, 226712<br>Matern Law Group PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>TELEPHONE NO.: (310) 531-1900<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY<br>**FILED**<br>ALAMEDA COUNTY<br>NOV 01 2019<br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: Claudia Garcia | CASE NUMBER:<br>RG19040507 |
|---|---|
| DEFENDANT/RESPONDENT: ISS Facility Services, Inc. et al | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Garcia RG19040507 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

Complaint, Summons, Civil Case Cover Sheet

3. a. Party served: Broadridge Financial Solutions, Inc., a Delaware corporation

   b. Person Served: CSC Becky DeGeorge - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
   Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 10/29/2019        (2) at (time): 2:05PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Broadridge Financial Solutions, Inc., a Delaware corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:        Tyler Anthony Dimaria
   b. Address:     One Legal - 194-Marin
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 30.00
   e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2006-06
         (iii) County: Sacramento
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 10/31/2019

Tyler Anthony Dimaria
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>OL# 13962288 |
|---|---|---|

# EXHIBIT C
# TO THE DECLARATION OF JULIE W. O'DELL



22613553

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua D. Boxer, 226712<br>Matern Law Group PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>TELEPHONE NO.: (310) 531-1900<br>ATTORNEY FOR (Name): Plaintiff | **FILED**<br>ALAMEDA COUNTY<br>NOV 05 2019<br>CLERK OF THE SUPERIOR COURT<br>By<br>Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | |
|---|---|

| PLAINTIFF/PETITIONER: Claudia Garcia | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ISS Facility Services, Inc. et al | RG19040507 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Garcia RG19040507 |
|---|---|

**BY FAX**

ORIGINAL

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Class Action Complaint, Summons, Civil Case Cover Sheet

3. a. Party served: ISS Facility Services, Inc.

   b. Person Served: Daisy Montenegro - CT Corporation System - Person Authorized to Accept Service of Process

4. Address where the party was served: 818 West Seventh Street, Suite 930
   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 10/29/2019       (2) at (time): 2:10PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   ISS Facility Services, Inc.
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:        Jimmy Lizama
   b. Address:     One Legal - 194-Marin
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 30.00
   e I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 4553
          (iii) County: Los Angeles
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 10/31/2019

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>OL# 13962286 |
|---|---|---|

22613858

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Joshua Boxer, 226712
Matern Law Group PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
TELEPHONE NO.: (310) 531-1900
ATTORNEY FOR *(Name):* Plaintiff

FOR COURT USE ONLY

FILED
ALAMEDA COUNTY

NOV 07 2019

CLERK OF THE SUPERIOR COURT
By
Jayuana

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Alameda County
1225 Fallon Street, #109
Oakland, CA 94612-4293

PLAINTIFF/PETITIONER: Claudia Garcia

DEFENDANT/RESPONDENT: ISS Facility Services, Inc. et al

CASE NUMBER:
RG19040507

PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.:
Garcia RG19040507

BY FAX

ORIGINAL

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:
Complaint, Summons, Civil Case Cover Sheet

3. a. Party served: ISS Facility Services California, Inc., a Delaware corporation

   b. Person Served: Daisy Montenegro - CT Corporation System - Person Authorized to Accept Service of Process

4. Address where the party was served: 818 West Seventh Street, Suite 930
   Los Angeles, CA 90017
5. I served the party
   a. by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) on (date): 10/29/2019        (2) at  (time): 2:10PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   ISS Facility Services California, Inc., a Delaware corporation

   under: CCP 416.10 (corporation)

7. Person who served papers
   a. Name: Jimmy Lizama
   b. Address:   One Legal - 194-Marin
                 1400 North McDowell Blvd, Ste 300
                 Petaluma, CA 94954

   c. Telephone       415-491-0606
   d. The fee for service was: $ 30.00
   e. I am:
      (3) registered California process server.
          (i)   Employee or independent contractor.
          (ii)  Registration No.: 4553
          (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 11/01/2019

Jimmy Lizama
_____
(NAME OF PERSON WHO SERVED PAPERS)

_____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

OI.# 13962287

# EXHIBIT D
# TO THE DECLARATION OF JULIE W. O'DELL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joshua D. Boxer; Elizabeth A. Medrano    SBN: 226712; 323742<br>Matern Law Group, PC<br>1330 Broadway Street, Suite 428 Oakland, California 94612<br>TELEPHONE NO.:(310) 531-1900    FAX NO.:(310) 531-1901<br>ATTORNEY FOR *(Name)*:Claudia Garcia | **FILED BY FAX**<br>ALAMEDA COUNTY<br>October 24, 2019<br>CLERK OF<br>THE SUPERIOR COURT<br>By Xian-xii Bowie, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

CASE NAME: Garcia vs. ISS Facility Services, Inc., et al.

CASE NUMBER:
**RG19040507**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify)*: Nine (9)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 24, 2019

Joshua D. Boxer; Elizabeth A. Medrano
*(TYPE OR PRINT NAME)*    ▶ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22) Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal·Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

# EXHIBIT E
# TO THE DECLARATION OF JULIE W. O'DELL

```
┌   Matern Law Group, PC              ┐      ┌   ISS Facility Services, Inc.              ┐
    Attn:  Matern, Matthew J.
    1230 Rosecrans Avenue
    Suite 200
└   Manhattan Beach, CA   90266____   ┘      └                                           ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Garcia | No. <u>RG19040507</u> |
| Plaintiff/Petitioner(s) <br> VS. <br><br> ISS Facility Services, Inc. <br> Defendant/Respondent(s) <br> (Abbreviated Title) | NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 12/03/2019    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE: 01/21/2020    TIME:  03:00 PM    DEPARTMENT:  23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 10/29/2019                Chad Finke  Executive Officer / Clerk of the Superior Court

By _____
                                                                    Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/30/2019.

By _____
                                                                    Deputy Clerk

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Garcia  VS ISS Facility Services, Inc. | RG19040507 |

ADDITIONAL ADDRESSEES

Matern Law Group, PC
Attn:  Medrano, Elizabeth A.
1330 Broadway Street
Suite 428
Oakland, CA    94612

# EXHIBIT F
# TO THE DECLARATION OF JULIE W. O'DELL

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
   E-Mail: John.Barber@lewisbrisbois.com
JULIE W. O'DELL, SB# 291083
   E-Mail: Julie.ODell@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendants
ISS FACILITY SERVICES, INC.,
ISS FACILITY SERVICES CALIFORNIA,
INC., and BROADRIDGE FINANCIAL
SOLUTIONS, INC.

ENDORSED
FILED
ALAMEDA COUNTY

NOV 26 2019

CLERK OF THE SUPERIOR COURT
By
                              Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CLAUDIA GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ISS FACILITY SERVICES, INC., a Delaware corporation; ISS FACILITY SERVICES CALIFORNIA, INC.; a Delaware corporation; BROADRIDGE FINANCIAL SOLUTIONS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: RG19040507<br><br>**DEFENDANTS ISS FACILITY SERVICES, INC.'S, ISS FACILITY SERCICES CALIFORNIA, INC.'S, AND BROADRIDGE FINANCIAL SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Action Filed:    October 24, 2019<br>Trial Date:    None Set |

Defendants ISS FACILITY SERVICES, INC., ISS FACILITY SERVICES CALIFORNIA, INC., and BROADRIDGE FINANCIAL SOLUTIONS, INC. ("Broadridge Financial") (collectively, "Defendants") hereby answer Plaintiff CLAUDIA GARCIA'S ("Plaintiff") Class Action Complaint, as follows:

## GENERAL DENIAL

Under the provisions of section 431.30 of the Code of Civil Procedure, Defendants deny each, every, and all of the allegations of Plaintiff's Complaint (hereinafter referred to as

/ / /



4828-6433-3486.1

1

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

"Complaint"), and the whole thereof, and denies that Plaintiff has sustained damages in the sum alleged, or in any other sum, or at all.

Further answering Plaintiff's Complaint, and the whole thereof, Defendants deny that Plaintiff has sustained any injury, damages, or loss by reasons of any act, omission, or negligence on the part of these answering Defendants or their agents or employees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Duty to Arbitrate Under Enforceable Arbitration Agreement with Class Claim Waiver between the Parties)**

1. Defendants allege that Plaintiff's individual and class-based claims are barred, in whole or in part, as Plaintiff and Defendants have an enforceable arbitration agreement in place under which all the allegations fall, and, accordingly, this is not the proper forum for this dispute. Defendants will move to have the agreement enforced and do not waive their rights to enforce the arbitration agreement by filing this answer.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

2. Defendants allege that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because neither the Complaint nor any purported cause of action alleged therein state claims upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

3. Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, by California Code of Civil Procedure section 340(a) which provides a one year statute of limitations for an action upon a statute for a penalty or forfeiture where the action is given to an individual unless the statute imposing it imposes a prescribed limitation; California Code of Civil Procedure section 338(a) which provides a three year statute of limitations for an action upon a liability created by a statute, other than a penalty or forfeiture; and California Business and

/ / /

4828-6433-3486.1

2

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Professions Code section 17208 which provides a four year statute for a claim premised on Business and Professions Code section 17200, *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

### (Labor Code section 226)

4.      Defendants allege that Plaintiff's claims, and those of the putative class members, are limited or subject to an absolute bar because Defendants have complied with Labor Code section 226.

## FIFTH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

5.      Defendants allege that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Plaintiff is an inadequate class representative to the claims asserted.

## SIXTH AFFIRMATIVE DEFENSE

### (Uncertifiable Putative Class)

6.      Defendants allege that Plaintiff's claims, and those of the putative class members, are barred because Defendants have not engaged in actions of the kind alleged that are generally applicable to the putative class members, and as such, this action is not properly maintainable and/or does not qualify for certification under the requirements for a class action.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Common Questions of Law or Fact)

7.      Defendants allege that questions of law or fact common to the putative class members do not predominate over questions affecting individual members of the proposed class. Therefore, this action is not appropriate for certification as a class action.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Typicality)

8.      Defendants allege that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Plaintiff cannot establish that his claims are typical of those of the class and therefore the Complaint cannot proceed as a class action.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## NINTH AFFIRMATIVE DEFENSE

### (No Numerosity)

9.     Defendants allege that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Plaintiff cannot establish that members of the class are so numerous that joinder is impracticable.

## TENTH AFFIRMATIVE DEFENSE

### (No Community of Interest)

10.     Defendants allege that the class allegations in the Complaint are improper as a matter of law because there is no community of interest in the claims asserted by Plaintiff and those of the putative class members.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Actions Adverse to Class Members)

11.     Defendants allege that Plaintiff's claims are barred and/or reduced by virtue of Plaintiff and his attorneys having taken actions adverse and inimical to the interests of the putative class members, and for their own benefit, and by purporting to act when Plaintiff has and had an irreconcilable conflict of interest with the putative class members, rendering any judgment, award or settlement void or voidable.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

12.     Defendants allege that Plaintiff lacks standing to assert some or all of the claims alleged in the Complaint either individually, on behalf of others, or as a class action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Wages Owed)

13.     Defendants allege that Plaintiff's claims for unpaid regular or overtime wages, and those of the putative class, are barred because Defendant timely paid all wages owed to them. Plaintiff and the putative class members to take rest periods.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Penalties)

14.    Defendants allege that the Complaint fails to allege facts sufficient to establish a claim for penalties.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

15.    Defendants allege that the Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

16.    Defendants allege that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because actions taken with respect to the employment of Plaintiff and the putative class members, if any, were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Meal and Rest Period Law)

17.    Defendants allege that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because the applicable Wage Order merely states that Defendants "provide" a meal period and "authorize and permit" a rest period, which it did for Plaintiff and the putative class members.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

18.    Defendants allege that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Defendants' conduct with regard to Plaintiff and the putative class members was privileged, justified, and in good faith.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Waiver)

19.    Defendants allege that Plaintiff's claims, and those of the putative class members,

4828-6433-3486.1

5

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

are barred, in whole or in part, because Plaintiff and the putative class members have waived any and all claims that they may have had or have against Defendants arising from the facts alleged in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

20. Defendants allege that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because of Plaintiff's and the putative class members' unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

21. Defendants allege that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Plaintiff and the putative class members are estopped by their own conduct from asserting any and all claims they may have or have had against Defendants arising from the facts alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver of Rest Periods)

22. Defendants allege that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Plaintiff, and the putative class members, waived their right to some or all of the rest periods implicated in the Complaint by voluntarily choosing not to take part in all the duty-free rest periods that were authorized and permitted by Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (De Minimis Uncompensated Time)

23. Defendants allege that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because if, in fact, Defendants have failed to pay Plaintiff and the putative class members for time worked, the uncompensated time is de minimis.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-6433-3486.1

6

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Labor Code Section 1194)

24.    Plaintiff's claims, and those of the putative class members, for civil penalties pursuant to Labor Code section 1194 are barred because Defendants paid Plaintiff and the putative class members the required minimum wage and/or did not knowingly or intentionally fail to pay Plaintiff and the putative class members the required minimum wage.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Liquidated Damages)

25.    Defendants deny that they failed to pay Plaintiff and the putative class members a minimum wage, as alleged the Complaint.  However, if the court finds that there was such a failure on the part of Defendants, the act or omission giving rise to the failure to do so was in good faith.  Additionally, Defendants had reasonable grounds for believing that the act or omission was not a violation of any provision of the Labor Code relating to minimum wage, or an order of the Industrial Welfare Commission.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Secretion and Absention)

26.    Defendants allege that they were unable to pay the wages due Plaintiff and/or the putative class members, if any, because Plaintiff and/or the putative class members secreted or absented themselves to avoid payment of the wages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts)

27.    Defendants allege that Plaintiff's damages, and those of the putative class members, if any, were caused by Plaintiff's and the putative class member's own intentional or negligent acts, thus barring or limiting their right to recovery.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

28.    Plaintiff and the putative class members are barred by the doctrine of laches from

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-6433-3486.1

7

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

pursuing the Complaint and each purported cause of action therein by reason of their inexcusable and unreasonable delay in filing the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Consent)

29.    Plaintiff and the putative class members, at all relevant times, gave their consent, express or implied, to the alleged acts, omissions and conduct of Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Willful or Intentional Conduct)

30.    Even if Defendants engaged in the conduct alleged in the Complaint, which allegations Defendants deny, such actions or failure to act was neither willful nor intentional.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Satisfaction of Claims)

31.    Plaintiff and the putative class members are entirely, or alternatively, partially, barred from recovery in this action to the extent that they have received any consideration from Defendants or from anyone else in satisfaction of any purported claim against Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Business Justification)

32.    Defendants maintain that their activities undertaken with respect to Plaintiff and the putative class members, if any, were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were neither arbitrary, capricious, nor unlawful.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

33.    Plaintiff and the putative class members had and have a duty to use such means as are reasonable under the circumstances to avoid or minimize the damages that result from statutory violations (if any).  To the extent there was any statutory violation (which is not admitted but considered solely for purposes of this affirmative defense), Plaintiff and the putative class members unreasonably failed to avoid or reduce harm.  Plaintiff and the putative class members

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-6433-3486.1

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

are therefore barred from any recovery based on any harm that could have been reasonably avoided.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Unfair Business Practice)

34.    Without admitting the allegations of the Complaint, Defendants allege that Plaintiff's claims, and those of the putative class members, for Violation of Business & Professions Code sections 17200, *et seq*. are barred in that Plaintiff and the putative class members have failed to establish a regular business practice or unlawful pattern of conduct, the public is not likely to be deceived by any alleged practices, Defendants gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

35.    Defendants allege that Plaintiff's claims, and those of the putative class members, for "waiting time penalties" under Labor Code section 203 for untimely payment of wages are barred because Defendants did not intentionally or willfully withhold payment of wages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

36.    Defendants allege that Plaintiff's claims, and those of the putative class members, are barred in that Plaintiff and the putative class members have failed to mitigate any alleged damages.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

37.    Defendants allege that Plaintiff's claims, and those of the putative class members, are barred or must be offset by benefits received by Plaintiff and the putative class members.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

38.    Defendants allege that Plaintiff's claims, and those of the putative class members,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-6433-3486.1

9

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

are barred because Defendants had no knowledge or reason to know of off the clock work, or that Plaintiff and the putative class members were not taking meal and/or rest breaks in accordance with the law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Not Employed by Defendant)

39.     Broadridge Financial Solutions alleges that neither that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because neither Plaintiff nor the putative class members were employed by Broadridge Financial at any time relevant to the allegations in the complaint or at all.

### FORTIETH AFFIRMATIVE DEFENSE

### (Unknown Defenses)

40.     Defendants allege that they may have other separate and/or additional defenses of which they are not aware, and hereby reserve the right to assert them by amendment to this Answer as discovery continues.

### PRAYER FOR RELIEF

1.     That Plaintiff take nothing by way of the Complaint of any of her purported claims for relief;

2.     That the Complaint be dismissed with prejudice in its entirety;

3.     That Plaintiff is denied each and every demand and prayer for relief contained in the Complaint;

4.     That judgement is entered in favor of Defendants;

5.     That Defendants be awarded its reasonable attorneys' fees and costs of the suit incurred herein pursuant to section 218.5 of the California Labor Code or to the extent otherwise permitted by law; and

/ / /

/ / /

/ / /

/ / /



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-6433-3486.1

10

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

6.    That Defendants be awarded such other and further relief as the Court may deem just and proper.

DATED: November 25, 2019

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
John L. Barber
Julie W. ODell
Attorneys for Defendants  ISS FACILITY SERVICES, INC., ISS FACILITY SERVICES CALIFORNIA, INC., and BROADRIDGE FINANCIAL SOLUTIONS, INC.

11

DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CALIFORNIA STATE COURT PROOF OF SERVICE

Claudia Garcia vs. ISS Facility Services, Inc. et al
ACSC Case No. RG19040507

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626.

On November 25, 2019, I served the following document(s):  **DEFENDANTS ISS FACILITY SERVICES, INC.'S, ISS FACILITY SERCICES CALIFORNIA, INC.'S, AND BROADRIDGE FINANCIAL SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

### SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒   (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:
☒   Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

☐   (BY OVERNIGHT DELIVERY)  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐   (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address _____ to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 25, 2019, at Costa Mesa, California.

*Mary Halverson*
MARY HALVERSON

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-6433-3486.1

12

PROOF OF SERVICE

## SERVICE LIST

*Claudia Garcia v. ISS Facility Services, Inc., et al.*
**Alameda County Superior Court Case No.: RG19040507**

| | |
|---|---|
| Matthew J. Matern<br>Joshua D. Boxer<br>MATERN LAW GROUP, PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>Tel: (310) 531-1900<br>Fax: (310) 531-1901 | ***Attorney for Plaintiff, CLAUDIA GARCIA,*** individually and on behalf of all others similarly situated |
| ELIZABETH A. MEDRANO<br>MATERN LAW GROUP, PC<br>1330 Broadway Street, Suite 428<br>Oakland, California 94612<br>Tel: (510) 227-3998<br>Fax: (310) 531-1901 | ***Attorney for Plaintiff, CLAUDIA GARCIA,*** individually and on behalf of all others similarly situated |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW



**Superior Court of California**
*County of Alameda*

```
Superior Court of California, County of Alameda        Receipt Nbr: 896666
Rene C. Davidson Alameda County Courthouse             Clerk: dturner
1225 Fallon Street                                     Date: 11/26/2019
Oakland, CA  94612
```

| Type | Case Number | Description | Amount |
|------|-------------|-------------|--------|
| Filing | RG19040507 | Initial Appearance | $435.00 |
| Filing | RG19040507 | Complex Fee - Adverse Party | $1000.00 |
| Filing | RG19040507 | Initial Appearance | $435.00 |
| Filing | RG19040507 | Complex Fee - Adverse Party | $1000.00 |
| Filing | RG19040507 | Initial Appearance | $435.00 |
| Filing | RG19040507 | Complex Fee - Adverse Party | $1000.00 |

```
        Total Amount Due:    $4,305.00
        Prior Payment:
        Current Payment:     $4,305.00
        Balance Due:              $.00
        Overage:
        Excess Fee:
        Change:

Payment Method:
        Cash:
        Check:               $4,305.00
```