UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAUDIA GARCIA,

    Plaintiff,

    v.

ISS FACILITY SERVICES, INC., et al.,

    Defendants.

Case No. 19-cv-07807-RS

**ORDER DENYING MOTION TO COMPEL ARBITRATION**

## I. INTRODUCTION

In this putative class action, plaintiff Claudia Garcia asserts various wage and hour claims on behalf of herself and similarly situated employees of defendants ISS Facility Services, Inc., ISS Facility Services California, Inc., and Broadridge Financial Solutions, Inc. Defendants move to compel arbitration of Garcia's claims pursuant to a written arbitration agreement she signed at the time she was hired in 2018. The record shows, however, that the arbitration agreement was superseded by an agreement Garcia executed at defendants' request in 2019. Because the 2019 agreement abandoned the requirement for Garcia to arbitrate any employment disputes with defendants, the motion will be denied.

## II. BACKGROUND

Garcia alleges she was hired by ISS to work as a Custodial Detailer at Broadridge Financial's satellite office in El Dorado Hills, California. Her job duties included cleaning

refrigerators, microwaves, mirrors, tables, and chairs, vacuuming the lobby, and cleaning the restrooms. Her employment lasted from May of 2018 to late August of 2019.

As part of the initial hiring process, Garcia was given a number of documents to sign, including a three page "Mutual Agreement to Arbitrate Claims" ("the Arbitration Agreement"). That agreement provided, in part:

> Except as otherwise provided herein, this Agreement applies, without limitation, to any claims arising out of or related to EMPLOYEE's employment or separation of employment; claims for discrimination, harassment, retaliation, defamation (including claims of post-employment defamation or retaliation), breach of a contract or covenant, fraud, negligence, emotional distress, breach of fiduciary duty, trade secrets, unfair competition, wages or other compensation, termination; equitable claims; and all other federal, state, or local statutory and common law claims unless specifically excluded below. The Agreement specifically covers, without limitation, all claims arising under the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Equal Pay Act, Genetic Information Non-Discrimination Act, 42 U.S.C § 1981, and state or local statutes, if any, addressing the same or similar subjects.

Approximately a year later, in June of 2019, defendants presented Garcia with a new set of employment documents, including a new three-page agreement entitled "Mutual Agreement to Mediate Claims" ("the Mediation Agreement"). The Mediation Agreement contains a paragraph describing its applicability that is word-for-word identical to the language in the Arbitration Agreement quoted above. Additionally, the Mediation Agreement includes an integration clause, stating: "This Agreement is the full and complete agreement relating to the resolution of disputes covered by this Agreement." Garcia executed the Mediation Agreement as requested.[1]

---

[1] The Mediation Agreement tracks the Arbitration Agreement very closely. A reasonable inference is that the latter document was prepared by revising the former. Indeed, paragraphs 5 and 6 of the Mediation Agreement contain references to arbitration and an arbitrator that appear to have been left unmodified by mistake.

III.  DISCUSSION

There is no real dispute that *if* the Arbitration Agreement was not superseded by the Mediation agreement, it would be valid, enforceable, and would apply to the claims Garcia is bringing in this action.[2] Defendants contend the Arbitration Agreement remains in force because, in their view, the Mediation Agreement was intended only to supplement, not replace it.

Defendants insist the integration clause of the Mediation Agreement effects only a "partial" integration, such that consideration of the earlier Arbitration Agreement is not barred. Defendants point out that, by its terms, the integration clause applies only to "disputes covered by this Agreement." Then, noting that "this Agreement" means the "Mutual Agreement to Mediate Claims," defendants argue the integration clause means only that the Mediation Agreement is the parties' full and complete agreement *with respect to how and when disputes will be mediated.*

That is not a tenable reading of the integration clause. As defendants acknowledge, the clause specifies the Mediation Agreement is the parties' full and complete agreement relating to "disputes covered by this Agreement." The Mediation Agreement clearly and repeatedly sets out what disputes it covers. Paragraph 1 states that the employee and ISS agree that "*any* dispute, controversy or claim . . . pertaining to any aspect of Employee's employment" must be mediated. Paragraph 2 provides that unless otherwise provided, the agreement applies to "any dispute, past, present or future . . . that EMPLOYEE may have against; (1) EMPLOYER." Paragraph 3 further specifies "this Agreement applies, without limitation, to any claims arising out of or related to EMPLOYEE's employment or separation of employment . . . wages or other compensation . . . and all other federal, state, or local statutory and common law claims."

Thus, the Mediation Agreement unquestionably applies to employee-employer disputes

---

[2] Garcia notes her contention that there was at least some procedural unconscionability surrounding her execution of the Arbitration Agreement, but she makes no argument that it would be unenforceable on that ground. Additionally, while this motion was pending, Garcia amended her complaint to include a PAGA claim. The parties have not addressed arbitrability of that claim. In light of the conclusion of this order, however, the question is moot.

including the claims Garcia is advancing in this action. The integration clause, in turn, therefore means that the Mediation Agreement is the "full and complete agreement" of the parties "relating to the resolution of disputes" such as this one. Defendants' attempt to narrow the effect of the integration clause erroneously looks to the agreement's provisions on *how* disputes must be addressed (by mediation) rather than to *what* disputes are covered (nearly all employment claims).

Defendants invoke *Jenks v. DLA Piper Rudnick Gray Cary US LLP*, 243 Cal. App. 4th 1, (2015) to argue that the Mediation Agreement should not be found to supplant the Arbitration Agreement. In *Jenks*, the plaintiff had accepted an arbitration agreement contained in an offer letter when he commenced employment. Several years later he signed a "Termination Agreement" that was "silent with respect to dispute resolution." *Id.* at 5.

The court concluded the termination agreement did not cancel the arbitration provision of the original offer letter because,

> the integration clause is explicitly limited to "the subject matter hereof," namely, the terms of plaintiff's resignation. The Termination Agreement does not mention arbitration at all, *and contains no provisions regarding dispute resolution*. Consequently, the identified forum for dispute resolution remains arbitration based on the original Offer Letter.

*Id.* at 15–16 (emphasis added).

The distinction here is obvious, and dispositive. The Mediation Agreement *does* contain provisions regarding dispute resolution. The scope of the Mediation Agreement is virtually identical to the scope the prior Arbitration Agreement—it is *not* limited to some different or narrower topic such as the employee's resignation. Therefore, and because the Mediation Agreement expressly provides that it is the parties' "full and complete agreement" relating to dispute resolution between them, the prior Arbitration Agreement is of no effect. *See also Grey v. Am. Mgmt. Servs.*, 204 Cal. App. 4th 803 (2012) (finding broad arbitration agreement entered into during employment application process to have been superseded by narrower agreement in later

employment contract with integration clause.)[3]

Defendants also point out the Mediation Agreement only requires that disputes *first* be submitted to mediation, and that it contains no provisions governing what is to happen if mediation fails. As such, defendants contend, the Mediation Agreement does not conflict with the Arbitration Agreement, and the two agreements could simply be interpreted as applying at different stages.

Although it certainly would be possible to form an agreement calling for mediation prior to arbitration without vitiating an existing arbitration agreement, that is not how the Mediation Agreement was drafted here. Rather than specifying that mediation was merely an *additional* requirement or otherwise stating that the arbitration agreement remained in force, the Mediation Agreement expressly states it is the parties' "full and complete" agreement relating to the resolution of disputes.[4]

Finally, defendants observe that Garcia failed to make a demand for mediation prior to initiating this action, as required by the Mediation Agreement. Whatever rights defendants may have as a result of Garcia's apparent breach of the Mediation Agreement, however, such a breach would not serve somehow to reinstate the Arbitration Agreement. Accordingly, the motion to compel arbitration must be denied.

---

[3] Defendants argue that even if the provisions of the Arbitration Agreement calling for arbitration have been superseded, a class action waiver in the document is still enforceable. Again, however, the Mediation Agreement is the "full and complete" agreement regarding dispute resolution, which precludes looking to the prior agreement to govern the availability of a class action.

[4] Integration clauses often state more expressly that a current agreement is intended to revoke and supersede all prior agreements on the topic, and defendants point to cases with such clauses. The absence of such specific language here, however, does not overcome the effect of the critical provision in the integration clause that the agreement "is the full and complete agreement relating to the resolution of disputes covered by this Agreement," which necessarily precludes the continued viability of any prior agreements on the topic.

## IV. CONCLUSION

The motion to compel arbitration is denied.

**IT IS SO ORDERED**.

Dated: March 20, 2020

RICHARD SEEBORG
United States District Judge