UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| CLAUDIA GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>ISS FACILITY SERVICES, INC., *et al.*,<br><br>Defendants. | Case No. 19-cv-07807-RS (RMI)<br><br>**ORDER RE: DISCOVERY DISPUTE LETTER BRIEF**<br><br>Re: Dkt. No. 107 |

Now pending before the court is a jointly-filed letter brief (dkt. 107) setting forth a series of discovery disputes that boil down to Plaintiff's request to compel certain discovery. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument. As stated below, Plaintiff's requests are granted in part and denied in part.

## **LEGAL STANDARD**

When moving to compel discovery, the moving party has the burden of demonstrating relevance. *See e.g.*, *Hegarty v. Transamerica Life Ins. Co.*, No. 19-cv-06006-MMC (RMI), 2021 U.S. Dist. LEXIS 203386, at *4 (N.D. Cal. Oct. 21, 2021); *see also Integon Preferred Ins. Co. v. Saavedra*, 2019 U.S. Dist. LEXIS 157190, 2019 WL 4228372, at *2 (C.D. Cal. July 12, 2019). Generally speaking, relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)); *see also* F.R.E. 401 — evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action.

Further, "[w]hile it is true that the standard for relevance is not very demanding, the rule still requires that any evidence that is to be offered must 'logically advance a material aspect of the party's case.'" *See In re Glumetza Antitrust Litig.*, No. 19-cv-05822-WHA (RMI), 2020 U.S. Dist. LEXIS 113361, at *31-32 (N.D. Cal. June 29, 2020). Furthermore, in order to succeed on a motion to compel, a moving party bears the burden of not only demonstrating relevance, but also that it has satisfied proportionality and other requirements of Rule 26. *See Rodriguez v. Barrita, Inc.*, No. 09-04057 RS-PSG, 2011 U.S. Dist. LEXIS 134079, at *4 (N.D. Cal. Nov. 21, 2011). In light of this, courts are required to limit discovery if its burden or expense outweighs its likely benefit – such is "the essence of proportionality," a frequently ignored or overlooked discovery principle. *See e.g.*, *Hegarty*, 2021 U.S. Dist. LEXIS 203386, at *5; *see also Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341 YGR (JSC), 2013 U.S. Dist. LEXIS 122911, at *18-19 (N.D. Cal. Aug. 28, 2013) ("[U]nder Rule 26's proportionality analysis, the Court must weigh the burden versus the benefit of the discovery sought . . . [and] strike a balance between ensuring that parties have access to relevant information regarding their claims and defenses, and the burden on the producing party of providing the discovery sought.").

## DISCUSSION

This is a pre-certification putative class-action case brought under the California Labor Code's wage and hour provisions, and a representative action for alleged wage and hour violations brought pursuant to Private Attorney General Act of 2004 ("PAGA"). *See* Ltr. Br. (dkt. 107) at 1. In essence, the Parties discovery disputes boil down to Plaintiff's request to compel 14 categories of information (*see id.* at 2-3); however, given that Defendants' portion of the Letter Brief (*see id.* at 3) reflects their agreement to supplement their discovery responses as to several of these categories (namely, Interrogatory ("ROG") Nos. 1, 4-5, 7, 22, and 23; as well as Requests for Production ("RFP") No. 32), Plaintiff's request to compel that information is therefore **DENIED as moot**.

The majority of the remainder of the discovery requests that Plaintiff requests to compel seek various information on a statewide basis for all of Defendant ISS's non-exempt employees.

1  *See id*. at 3-4, 5 (namely, ROG Nos. 1, 4-5, 7, 22, and 23; and RFP Nos. 2-11, 15-17, 18-23, 25-
2  27, 29, 31, 33, 39-40). However, one exception is Plaintiff's request to compel the production of
3  documents that support Defendants' affirmative defenses (RFP No. 41). *See id*. at 4. Defendants
4  failed to address this particular request in their portion of the Letter Brief (*see id*. at 5-6). A review
5  of Defendants Answer to Plaintiff's First Amended Complaint reveals the advancement of forty
6  affirmative defenses. *See* Defs.' Answer (dkt. 22) at 8-16. Because Request for Production 41
7  clearly seeks documents within the permitted scope of discovery (*see* Fed. R. Civ. P. 26(b)(1)) –
8  that is, relevant and nonprivileged information in Defendants' custody and control which supports
9  any of their forty affirmative defenses – Plaintiff's request to compel any outstanding production
10 responsive to RFP No. 41 is **GRANTED**.

11       As to the remainder of Plaintiff's requests to compel, the court finds that Plaintiff's portion
12 of the letter brief fails to set forth a sufficient basis to justify compelling the production of nearly
13 all of the information subject to the request to compel. *See* Ltr. Br. (dkt. 107) at 2-4. Indeed,
14 Plaintiff generally lists a series of documents and information that she wants without exerting any
15 significant effort in justifying her entitlement to the broad statewide discovery she seeks. *See id*.
16 To resolve this issue, the court will begin by noting that, "[a]lthough in some cases a district court
17 should allow discovery to aid the determination of whether a class action is maintainable, the
18 plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements of
19 Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class
20 allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse
21 of discretion." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Because Plaintiff's
22 portion of the letter brief has failed to make this showing, Plaintiff has not yet demonstrated an
23 entitlement to the discovery she seeks. Of course, the issue is not quite as simple as Defendants
24 put it either. As Defendants see it, because Plaintiff's portion of the Letter Brief does not show
25 that her wage and hour complaints are not manifest at any other location, her discovery should be
26 limited to her facility only. However, Plaintiff's endeavor to make such a showing is the very
27 reason Plaintiff seeks contact information for all of Defendants' non-exempt employees in
28 California during the covered period (ROG No. 6), as well as the identify of other employees who

United States District Court
Northern District of California

1  instituted wage and hour litigation against Defendants in the past five years (ROG No. 7, for
2  which Defendants have agreed to supplement their responses). In short, in order for Plaintiff to
3  have a fair opportunity at class certification, *some* discovery is warranted in order for it to be fairly
4  determined whether or not she can advance a *prima facie* showing that the class action
5  requirements of Fed. R. Civ. P. 23 are satisfied or, at least, that further discovery would be likely
6  to produce substantiation of the class allegations. *See e.g., Vinole v. Countrywide Home Loans,*
7  *Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that
8  often the pleadings alone will not resolve the question of class certification and that some
9  discovery will be warranted."); *see also id.* ". . . the better and more advisable practice for a
10 District Court to follow is to afford the litigants an opportunity to present evidence as to whether a
11 class action was maintainable." (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313
12 (9th Cir. 1977)).

   As to putative class-members' contact information, while voicing a generalized
disagreement with the necessity for privacy protection measures, Plaintiff has noted that
"Defendant ISS asserted that it would produce 'putative class member information through a
privacy optout notice[]' but has not done so." *See* Ltr. Br. (dkt. 107) at 3. Defendants, on the other
hand, contends that "the identity and contact information of absent putative class members is
protected by a right to privacy" and that "to the extent any discovery relating to the identity and
contact information of absent putative members is permitted, such discovery should be conducted
in accordance with [] opt out procedures" pursuant to *Belaire-West Landscape, Inc. v. Superior*
*Court*, 149 Cal. App. 4th 554, 561-62 (2007). *See* Ltr. Br. (dkt. 107) at 6.

   While it is true that "[t]he predominant practice among courts in the Northern District of
California is to allow 'pre-certification discovery of putative class members' confidential contact
information subject to a protective order,' without requiring a *Belaire-West* notice[,]" (*see Austin*
*v. Foodliner, Inc.*, 2018 U.S. Dist. LEXIS 36685, 2018 WL 1168694, at *2 (N.D. Cal. Mar. 6,
2018) (collecting cases)), the Parties in this case have not entered into such a protective order.
Furthermore, if only for the sake of argument, the undersigned is not entirely convinced that the
privacy concerns expounded in *Belaire-West*'s would be properly addressed even if the Parties in

4

this case had entered into a stipulated protective order. A fulsome understanding of the holding in *Belaire-West* is best achieved through the lens of the privacy right recognized in Article 1, § 1 of the California Constitution. In *Hill v. National Collegiate Athletic Association*, 7 Cal. 4th 1, 36-37, 26 Cal. Rptr. 2d 834, 865 P.2d 633 (1994), the California Supreme Court interpreted the California privacy right as guaranteeing an individual's "reasonable expectation of privacy" against a "serious invasion." In light of which, the same court later upheld a ruling by a trial court that permitted the disclosure to plaintiffs' counsel of the personal information of consumers who complained about defective DVD players "*unless*, following proper notice to them, they registered a written objection." *See Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 370-75, 53 Cal. Rptr. 3d 513, 150 P.3d 198 (2007) (emphasis added). Thus, the decision in *Belaire-West* rested on *Pioneer*'s foundational holding that because the information at issue in that case (*Belaire-West*) — contact information of defendant's current and former employees — was not the "particularly sensitive, . . . [d]isclosure of the contact information *with* an opt-out notice would not appear to unduly compromise either informational privacy or autonomy privacy in light of the opportunity to object to the disclosure." 149 Cal. App. 4th at 562 (emphasis added). Thus, the opportunity to object to the disclosure of one's personal information is the lynchpin Constitutional privacy right as interpreted by the California Supreme Court, and since no such opportunity to object to the disclosure of that information to putative class counsel is extant simply by virtue of a protective order addressing how the information is to later be used by counsel in cases such as this one, a protective order does not seem to address the core issue. In any event, as mentioned, the Parties in this case have not entered into a protective order.

      Accordingly, for these reasons, Plaintiff's request to compel the identity and contact information of absent putative class members is **GRANTED** subject to the *Belaire-West* opt-out procedures. The Parties are **ORDERED** to promptly meet and confer for the purpose of implementing the appropriate procedures for the effectuation and transmission of the opt-out notices such that Plaintiff can promptly receive the identity and contact information of those putative class members who do not object to the disclosure of their identity and contact information. Perhaps once Plaintiff secures this information, she will be better situated to either

5

advance a *prima facie* showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied, or to demonstrate that that the further discovery she seeks would be likely to produce substantiation of her class allegations. In the meantime, the remainder of Plaintiff's requests to compel are **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: July 13, 2023

ROBERT M. ILLMAN
United States Magistrate Judge

6