UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAUDIA GARCIA,

    Plaintiff,

    v.

ISS FACILITY SERVICES, INC., et al.,

    Defendants.

Case No. 19-cv-07807-RS

**ORDER FOR FURTHER BRIEFING**

    Plaintiff Claudia Garcia was employed as a janitor and custodial detailer by defendant ISS Facility Services California, Inc., a subsidiary of defendant ISS Facility Services, Inc., a "leading international facilities maintenance and staffing company" with nearly 400,000 employees worldwide. Garcia was assigned to a facility owned by defendant Broadridge Financial Solutions, Inc. Although Garcia contends the ISS entities and Broadridge are all liable as her "joint employers," the present renewed motion for class certification proposes a class of "employees of Defendants ISS Facility Services, Inc. and ISS Facility Services California, Inc." who worked at any location in California, and does not implicate Broadridge as a defendant to the class claims.

    Garcia's prior motion for class certification was denied on numerous grounds. See Dkt. No. 84. Among other things, Garcia failed to establish the requisite numerosity of class members. Apparently only 37 ISS employees were assigned to the Broadridge facility in the class period. While that number might just barely satisfy the numerosity requirement, the question is how many employees are precluded from participating in a class action as the result of having signed

enforceable binding arbitration agreements.[1]

Garcia contends ISS has impeded discovery directed at answering that question. ISS, in turn, argues Garcia failed to pursue discovery with diligence following the prior order. Following motion practice before the assigned magistrate judge, the parties are now providing so-called *Belaire* notice to putative class members to facilitate disclosure of their identities and contact information to plaintiff's counsel. *See Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 561-62 (2007). It is unclear, however, why resolving the *Belaire* issue would have delayed discovery directed at identifying the *number* of putative class members who were bound by arbitration agreements.

The potential class size here depends in part, of course, on whether Garcia is permitted to pursue claims on behalf of ISS employees at any or all of the 195 locations in California where ISS provided staffing services to its clients. There were a total of 2106 ISS employees at those facilities in the class period. Garcia, however, has provided evidence as to the working conditions at only two locations other than the one where she worked. The prior order concluded Garcia had failed to show a class extending beyond her worksite was appropriate. Dkt. 84 at p. 6. Even assuming that conclusion should be revisited based on the renewed motion, and that the class could extend to some or all of the other worksites, the question will remain as to how many employees are foreclosed from participating in a class action by virtue of binding arbitration agreements.

Although Garcia may be correct that existence of an enforceable arbitration agreement is an affirmative defense as to which the employer ultimately has the burden of proof, it would not serve judicial efficiency or the interests of justice to certify a class where additional data likely is available to provide a more definitive answer now as to whether numerosity can be satisfied.

---

[1] As previously held, the fact that Garcia signed an arbitration agreement does not preclude her from proceeding in this action because that agreement was superseded by a mediation agreement with different terms. Presumably ISS's records are sufficient to determine how many of its employees are subject to arbitration agreements that were *not* similarly superseded.

Accordingly, the hearing on Garcia's renewed motion for class certification is continued to January 25, 2024. The parties shall pursue the *Belaire* process as ordered by the magistrate judge.

Additionally, however, no later than December 28, 2023, ISS shall submit a declaration or declarations setting out:

(1) the total number of ISS employees at the Broadridge facility during the class period.

(2) the number of those employees that ISS contends signed binding arbitration agreements, and who did not subsequently sign mediation agreements like that signed by Garcia.

(3) the same information described in paragraphs (1) and (2), as applied to each of the locations where declarants Troy Nelson and Joseph Butay were employed.

(4) the same information described in paragraphs (1) and (2), as applied to all of the California locations where ISS placed employees.

ISS may include a supplemental brief not to exceed seven pages addressing the data submitted in the declaration or declarations. Within one week thereafter, Garcia may file a responsive brief not to exceed seven pages, and/or responsive declarations.

**IT IS SO ORDERED**.

Dated: November 9, 2023

_____
RICHARD SEEBORG
Chief United States District Judge