UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA GARCIA,<br>        Plaintiff,<br>    v.<br>ISS FACILITY SERVICES, INC., et al.,<br>        Defendants. | Case No. 19-cv-07807-RS<br><br>**ORDER FOR FURTHER BRIEFING** |

       The extensive procedural history of this action is reflected in prior orders, is known to the parties, and will not be recited here. Pertinent to the pending motion is that on September 30, 2024, the court issued an order providing, among other things, that the classes proposed by plaintiff Claudia Garcia would be certified, limited to employees of defendants ISS Facility Services, Inc. and ISS Facility Services California, Inc. (collectively "ISS") who worked at the El Dorado Hills facility. *See* Dkt. No. 136. The certification order acknowledged a question remained as to whether Garcia would ultimately be able to satisfy the "numerosity" requirement to support class treatment, given ISS's assertions that nearly all of its employees at the El Dorado Hills site had executed arbitration agreements. *Id.*

       The order noted, however, that ISS provided no information as to how many of its employees, like Garcia, might have executed mediation agreements supplanting prior arbitration agreements. ISS had previously been given express direction to submit admissible evidence as to "the number of those employees that ISS contends signed binding arbitration agreements, and who

did not subsequently sign mediation agreements." *See* Dkt. No. 123. The certification order concluded, therefore, that Garcia had met her burden to establish numerosity, and ISS had failed to show its affirmative defense would apply to enough ISS employees to defeat numerosity. *See* Dkt. No. 136.

ISS now moves for decertification, contending that only nine of its employees who worked at the El Dorado Hills facility, including Garcia, either did not sign arbitration agreements or signed superseding mediation agreements. ISS relies, in part, on the declaration of its HR director, Kimberly Wray, filed in response to Garcia's renewed motion for class certification, which stated that "[o]f the 36 employees at the Broadridge facility, 27 signed binding arbitration agreements." Dkt. No. 126.[1]

Garcia argues ISS has not adequately authenticated those agreements. Although Wray's declaration provides a sufficient basis in the abstract for her to authenticate employee arbitration agreements, the documents attached as Exhibit 1 to her declaration as purported copies of those agreements were, at best, sloppily compiled. (For example, see ECF Dkt. No. 126, pp. 28-31, which contain the first page of the agreement as to three individuals whose names are redacted but who are identified as "Blind 17," "Blind 13," and "Blind 37," followed by a signature page executed by "Blind 27.") Furthermore, although it may not necessarily preclude enforceability of

---

[1] Although the decertification motion focuses on the numerosity requirement, there is also a potential issue as to Garcia's adequacy to represent the class, given that she is not subject to an arbitration agreement and most other putative class members apparently are. *See*, *Andrade v. Am. First Fin., Inc*., 2022 WL 3369410, at *4 (N.D. Cal. Aug. 16, 2022)("District courts in this Circuit have held that plaintiffs who were not subject to an arbitration agreement could not represent a class of persons who were."). The fact that Garcia made no unconscionability argument in opposition to the motion to compel arbitration of her individual claims (see Dkt. No. 20, p.3, n. 2), and instead relied on the superseding mediation agreement, reflects a significant difference between her interests and that of other potential class members.

2

the agreements against employees who signed, many of the exhibits show no signature by any ISS representative. Even if it is likely that approximately 27 employees executed the arbitration agreement, ISS's haphazard evidentiary presentation precludes a conclusive finding to that effect at this juncture.

Garcia further complains that ISS has provided no information regarding the "methodology" it employed in determining how many employees might be subject to, or exempt from, arbitration agreements. The sworn declaration provided by ISS that its review of employment files uncovered no mediation agreements, other than those disclosed, is evidence potentially supporting a conclusion that nearly all the employees are subject to arbitration, once ISS addresses the shortcomings of Exhibit 1 to Wray's declaration. That said, the unanswered question will remain as how and why only four employees, including Garcia, apparently were asked to, and did, sign a superseding mediation agreement. Absent further evidence on that point, it could be appropriate to conclude that ISS has not shown the class must be decertified.

On the whole, it might be appropriate to deny the motion for decertification given this record. Doing so, however, would not likely preclude a renewed motion. In the interest of judicial efficiency, therefore, ISS may file a supplemental brief, not to exceed 10 pages, and any appropriate supplemental declarations, within 14 days of the date of this order. Garcia may file supplemental opposition, also not to exceed 10 pages, within 7 days thereafter. The matter will then be resubmitted for decision without reply briefing or oral argument, unless otherwise ordered. The further Case Management Conference is continued to April 17, 2025.

**IT IS SO ORDERED**.

Dated: February 21, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 19-cv-07807-RS