UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAUDIA GARCIA,

    Plaintiff,

    v.

ISS FACILITY SERVICES, INC., et al.,

    Defendants.

Case No. 19-cv-07807-RS

**ORDER GRANTING MOTION TO DECERTIFY CLASS**

The facts and procedural history of this action have been set out in prior orders and will not be recounted here. This issue at this juncture is whether the class should be decertified in light the fact that all but a few of its members signed agreements to resolve claims such as these in binding arbitration. Defendants have now made an adequate showing that there are at most nine employees who are not bound, or at least potentially bound, by written agreements to arbitrate, and that proceeding on a class basis is not appropriate.

Defendants' prior effort to establish the number of employees subject to arbitration was found to be insufficient for two basic reasons. First, the haphazard presentation of copies of the agreements rendered uncertain the number of employees subject to them. Defendants have now provided new copies of the agreements, showing the employee names, and have explained that some of the agreements located in the employee files were missing pages. By expressly setting out where the records are incomplete, defendants have made it possible to determine how many of the employees would at least be subject to a strong arbitration defense. The fact that a handful of the

agreements are missing pages only raises further potential distinctions among class members. Similarly, the fact that some of the agreements apparently were never signed by defendants likely does not preclude their enforceability, and at most is another reason class members are not all similarly situated. *See Lara v. Onsite Health, Inc.*, 896 F. Supp. 2d 831, 844 (N.D. Cal. 2012).

Defendants' prior showing was also inadequate because in the absence of any explanation as to why named plaintiff Garcia apparently was the only employee who signed a mediation agreement superseding a prior arbitration agreement, it was difficult to be confident that none of the other employees might similarly have signed superseding mediation agreements. Defendants report they are unable to determine why mediation agreements were sometimes used instead of arbitration agreements in the hiring process, inconsistently and during a short period of time. They have explained, however, that Garcia signed an arbitration agreement when she was first hired and then the mediation agreement when she returned to work after a period of separation. Indeed, this is consistent with Garcia's own declaration submitted in opposition to defendants' motion to compel arbitration, where she explained she signed the arbitration agreement her first day at work, and then the mediation agreement when she returned to work after her pregnancy. See Dkt. No. 10-4. Because it is completely plausible that Garcia was the only person hired under an arbitration agreement who then happened to return to work during the time period the mediation agreement was being used, defendants have now adequately supported their assertion that none of the other employees who signed arbitration agreements also signed superseding mediation agreements.

With this showing that fewer than 10 individuals are eligible to participate in this case, the numerosity requirement is not satisfied and the class must be decertified. While other employees theoretically might be able to avoid the arbitration agreements based on incomplete documents, missing signatures, unconscionability arguments, or for other reasons, attempting to do so would only increase the individualized inquiries.[1] The prior order granting certification of a class in this

---

[1] This also implicates Garcia's adequacy and typicality to serve as class representative for employees other than the few who did not sign arbitration agreements. *See, Andrade v. Am. First Fin., Inc.*, 2022 WL 3369410, at *4 (N.D. Cal. Aug. 16, 2022)("District courts in this Circuit have held that plaintiffs who were not subject to an arbitration agreement could not represent a class of

matter is vacated.

**IT IS SO ORDERED**.

Dated: March 21, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

---

persons who were." The fact that Garcia signed an arbitration agreement originally is irrelevant because, as she successfully argued at the outset of this case, that agreement was superseded and of no legal effect. Again, the fact that Garcia advanced no unconscionability argument on her own behalf in response to the motion to compel arbitration only highlights the difference between her and other employees. Garcia contends that she *did* raise unconscionability in her opposition to the motion to compel. As prior orders observed, however, Garcia merely noted the existence of facts showing potential procedural unconscionability, she did not seek relief on the ground. Furthermore, to invalidate an arbitration agreement there must be both procedural and substantive unconscionability. *Armendariz v. Found. Health Psychcare Servs., Inc*., 24 Cal. 4th 83, 114 (2000). Garcia's opposition to the motion to compel did not address substantive unconscionability at all.