UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA GARCIA,<br><br>                    Plaintiff,<br><br>        v.<br><br>ISS FACILITY SERVICES, INC., et al.,<br><br>                    Defendants. | Case No. 19-cv-07807-RS (RMI)<br><br>**ORDER ON DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 156, 160 |

The Parties appeared before this court for a Discovery Hearing on June 17, 2025, regarding the Parties' Joint Discovery Letter Brief (dkt. 156). At the hearing the court resolved all of the issues presented, save one. The Parties requested addition time to brief the remaining issue, which is presented in the Brief filed by ISS Facility Services, Inc. ("ISS") (Dkt. 160). Plaintiffs have filed a Response (dkt. 164), to which ISS has replied (dkt. 165).

In its brief, ISS requests that the court issue an order "as follows: (1) Plaintiff's PAGA period commences October 16, 2018, as agreed by the Parties; (2) Any janitorial employee who began working for ISS on or after January 1, 2022 to the present are excluded from the aggrieved employee pool because they have been covered by a CBA since January 1, 2021, and ISS has otherwise complied with Labor Code Section 2699.8; and (3) Any janitorial employee who continued working for Defendants after January 1, 2022, cannot claim to be injured for purposes of Plaintiff's PAGA claim after January 1, 2022 because they have been covered by a CBA since January 1, 2021, and ISS has otherwise complied with Labor Code Section 2699.8." (Dkt. 160 at 24-25). For her part, Plaintiff requests that the court "order that Labor Code § 2699.8 does not apply to this case pursuant to Labor Code § 2699.8(f)." (Dkt. 164 at 23). Thus, the parties are requesting that the court define the scope of the remaining PAGA claim in this case. This request,

because it is claim defining, is taken as a Motion, which the court finds exceeds the scope of a discovery matter and thus the undersigned's discovery referral. Such questions must be resolved by the presiding judge. Accordingly, the Motion (dkt. 160) is DENIED without prejudice.

At this juncture, the court would encourage the parties to engage in the mediation process that they identified at the hearing before further litigation.

**IT IS SO ORDERED.**

Dated: August [6], 2025

ROBERT M. ILLMAN
United States Magistrate Judge